IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE PALMER, JR., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 19-1194 |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of Social Security | : | |
| Administration, | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                             February 27, 2020

    This action was brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), which denied the application of Theodore Palmer ("Palmer" or "Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* (the "Act"). Presently before the Court is Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br.") (Doc. 12); Defendant's Response to Request for Review of Plaintiff ("Def. Br.") (Doc. 13); and Plaintiff's Reply Brief ("Pl. Reply") (Doc. 16); together with the record of the proceedings before the Administrative Law Judge ("ALJ") (Doc. 10). Plaintiff asks the court to "reverse and remand this case for further development and analysis." (Pl. Br. at 17). The Commissioner asks the court to affirm the ALJ's decision. (Def. Br. at 31). For the reasons set out below, we grant Plaintiff's request for review, vacate the administrative decision, and remand the matter to the Commissioner for further proceedings.

1

## I. FACTUAL AND PROCEDURAL HISTORY

The request for review before the court concerns and administrative decision resolving Palmer's claim for SSI and DIB. Palmer filed his application on January 4, 2016, alleging disability beginning on December 1, 2015. (R. 173–74, 180–85). In his disability report he listed his conditions as PTSD, nueropthay [sic] on right foot, suicidal, diabetes, insomnia, bipolar, and depression. (R. 209). His application was denied, and he requested review by an ALJ. A hearing was held before an ALJ on March 5, 2018. (R. 32–52). At the hearing both Palmer and a vocational expert testified.

On May 25, 2018 the ALJ issued an unfavorable decision. (R. 15–27). The ALJ found that Palmer could perform "medium unskilled (SVP 2) occupations." (R. 26). Palmer sought review in the Appeals Counsel but on January 25, 2019 that body declined to disturb the ALJ's decision, rendering it the final decision of the Commissioner. (R. 1). This litigation followed.

## II. DISCUSSION

Plaintiff argues for remand based on the Appointments Clause, asserting that "[t]he ALJ who conducted the hearing and issued the decision in this case was not properly appointed under the Constitution's Appointments Clause at the time of the hearing and thus did not have legal authority to preside over this matter or issue an unfavorable decision." (Pl. Br. at 12). The ALJ who conducted his hearing on March 5, 2018 and issued a decision on May 25, 2018 had not been "properly appointed" as of those dates.[1] *See Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018). Although the ALJ was not constitutionally appointed at the time of the hearing or decision,

---

[1] The Acting Commissioner of the SSA ratified and approved the SSA ALJs' appointments on July 16, 2018. Soc. Sec. Admin., EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update (effective date 08/06/2018).

Plaintiff' had not raised any challenge to the appointment of the Social Security Administration Administrative Law Judge (SSA ALJ) during her administrative proceedings. (Pl. Br. at 17). The Commissioner argues that "Palmer's failure to raise his Appointments Clause challenge at any point in the administrative process forfeits his claim." (Def. Br. at 18).

Plaintiff's position relies on the United States Supreme Court's holding in *Lucia v. SEC*, decided on June 21, 2018, that the Securities and Exchange Commission ("SEC") ALJs are "Officers of the United States" subject to the Appointments Clause. 138 S. Ct. 2044, 2049 (2018). Under the Appointments Clause, only the President, "Courts of Law," or "Heads of Departments" can appoint "Officers." U.S. CONST. art. II, § 2, cl. 2. As none of those actors had appointed the SEC ALJs in *Lucia*, the Supreme Court held that the appointment was in violation of the Clause.

*Lucia*'s reasoning has been applied to other ALJs in other agencies, requiring that they, as "inferior officers," be appointed according to the Appointments Clause. *See, e.g.*, *Bank of Louisiana v. FDIC*, 919 F.3d 916, 921 (5th Cir. 2019) (FDIC ALJs); *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 679 (6th Cir. 2018) (Department of Labor Federal Mine Safety and Health Review Commission ALJs); *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 257 (6th Cir. 2018) (Department of Labor Benefits Review Board ALJs). It is uncontested the SSA ALJs were not appointed pursuant to the Appointments Clause until July 16, 2018. Soc. Sec. Admin., EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update (effective date 08/06/2018).

The issue of whether an Appointments Clause challenge to a SSA ALJ requires the plaintiff to have exhausted this claim during the administrative proceedings came before the Third Circuit Court of Appeals in *Cirko v. Commissioner of Social Security*, Nos. 19-1772, 19-1773, 2020 WL

3

370832 (3rd Cir. Jan. 23, 2020) on appeal from the United States District Court for the Middle District of Pennsylvania, where the "District Court declined to require exhaustion, vacated the agency's decisions, and remanded for new hearings before different, properly appointed ALJs." *Id.* at \*1. The Commissioner appealed that decision. The court of appeals considered the purpose of the Appointments Clause and exhaustion requirements, as well as the interests of the individual in maintaining an Appointments Clause challenge as compared to the governmental interest in requiring exhaustion. Ultimately, on January 23, 2020 the court affirmed the judgment of the District Court. This opinion controls our determination here that the decision in Palmer's case be vacated and the case remanded for a new hearing before a different properly appointed ALJ.[2]

### III. CONCLUSION

Palmer's hearing took place before an ALJ not appointed in accordance with the Appointments Clause of the United States Constitution. The precedential opinion in *Cirko v. Commissioner of Social Security* requires that the ALJ's opinion be vacated, and that Palmer's case be remanded for a new hearing before a different, constitutionally appointed ALJ. An appropriate order follows.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[2] We do not reach Palmer's additional claims in that we have found a basis for remand and any alleged errors may be cured upon remand. *See Steininger v. Barnhart*, No. 04-5383, 2005 WL 2077375, at \*4 (E.D. Pa. Aug. 24, 2005) (where basis for remand is found, additional arguments need not be addressed as ALJ may reverse his findings after remand).